IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 1:01cr136-T |
| **CLIFFORD JACKSON** | ) | (WO) |

ORDER

Defendant Clifford Jackson is currently before the court on a petition to revoke his supervised release. Specifically, Jackson, who is paranoid schizophrenic, admits using cocaine on two occasions during his supervision period.

Jackson originally appeared before the court on June 1, 2005. At that time, he informed the court that he typically receives a biweekly Prolixin injection to treat his schizophrenia, but had not received the shot in approximately three weeks while he was being held in the Montgomery City Jail. Concerned about Jackson's competence to participate in the revocation hearing, the court recessed

the proceeding until Jackson could receive his medication in jail.

The court recommenced the revocation proceeding on June 28, 2005. After hearing the arguments of counsel and testimony about Jackson's mental illness and drug addiction, the court became concerned about what punishment and/or treatment is appropriate in this case. Specifically, the court questioned counsel for the government and for the defendant about the interplay among Jackson's cocaine addiction, his mental illness, and the drugs he is taking for his mental illness. Understandably, counsel for both parties lacked the mental-health expertise to answer the court's questions fully.

It is therefore ORDERED that the revocation petition against defendant Clifford Jackson (Doc. No. 57), as amended (Doc. No. 64), is reset for hearing on August 22, 2005, at 10:00 a.m., at the Frank M. Johnson, Jr. United States Courthouse complex, Courtroom 2E, One Church Street, Montgomery, Alabama, 36104.

Counsel for both parties are INSTRUCTED to retain one or more mental-health experts to testify at the revocation proceeding. The expert should assist the court with factual questions related to the interplay of defendant Jackson's mental illness, the drugs he takes for his mental illness, and his narcotics addiction, including, but not limited to, the following:

(1) Whether and how cocaine adversely interacts with his mental illness and with the prescription medications Prolixin and Haldol, which were administered to defendant Jackson during his supervision to treat his schizophrenia. During the hearing on June 28, the court heard testimony that defendant Jackson had assaulted a family member while using cocaine. As a result, the court is concerned about whether, when combined with his paranoid schizophrenia, Jackson's cocaine use makes him especially volatile and, thus, a danger in the community.

(2) Whether defendant Jackson's narcotics addiction compromises his ability to appreciate the severity of his

**mental illness, as well as, his ability to participate meaningfully in his mental-health treatment. Conversely, whether defendant Jackson's paranoid schizophrenia compromises his ability to appreciate the severity of his narcotics addiction, as well as, his ability to participate meaningfully in drug treatment.**

It is further ORDERED that, by no later than August 17, 2005, counsel for defendant Jackson is INSTRUCTED to submit a proposed course-of-action plan (including identifying available treatment facilities) to treat defendant Jackson's drug-addiction and mental-health problem.

DONE, this the 1st day of July, 2005.

                                                                                                                                  /s/ Myron H. Thompson  
                                        UNITED STATES DISTRICT JUDGE